IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tracey Pinkney Daniels, | ) | C/A NO. 3:04-22437-CMC |
| | ) | CR. NO. 3:02-217 |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's § 2255 motion relating to ineffective assistance of counsel. For the reasons below, the court **denies** Petitioner's motion, **grants** Respondent's motion for summary judgment, and dismisses the § 2255 motion in its entirety.

Petitioner originally filed this § 2255 motion on October 1, 2004. After full briefing, this court granted Respondent's motion for summary judgment on November 28, 2005. The order granting Respondent summary judgment noted that a copy of a tape of a telephone conversation between Petitioner and her attorney, recorded by the Bureau of Prisons (BOP), had been produced to this court for *in camera* review. After review of the tape, this court returned the tape to the Federal Bureau of Prisons facility, with a directive that the tape be played for Petitioner and that she be given an opportunity to include argument relating to the tape in her reply to Respondent's motion for summary judgment. *See* Letter dated March 30, 2005 (Dkt. #20, filed Dec. 8, 2005).

Petitioner contacted this court after receiving its November 28, 2005, order, indicating that she had not heard the tape, and she thereafter filed a motion for reconsideration. This court granted

1

Petitioner's motion in part,[1] and directed that the Petition be reopened as to Petitioner's allegations relating to the ineffectiveness of her counsel. By order filed May 10, 2006, the court directed that the tape be played for Petitioner, and that she have until June 23, 2006, to supplement her claim regarding ineffective assistance of counsel.

On June 21, 2006, Petitioner filed a "Supplemental Response to Ineffective Assistance of Counsel Claims." On June 27, 2006, Respondent filed a response in opposition and motion for summary judgment. This court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of her right and obligation to respond to the summary judgment motion within thirty-four days. Petitioner responded on August 21, 2006, and this matter is ripe for resolution.

In Petitioner's June 21, 2006, Supplemental Response, Petitioner claims that her attorney admitted her ineffectiveness to Petitioner during the telephone call of August 10, 2004. This court disagrees. Petitioner's counsel did not "admit" of any ineffectiveness during this conversation; rather, counsel speaks of waiting until the sentencing hearing to raise objections to the Presentence Report (PSR) relating to the base offense level for a minimal role reduction as the only thing "I could have done remotely different[ly] on your behalf." This clearly was a strategic choice by counsel. Petitioner has failed to show how this choice was ineffective. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (petitioner bears burden of proving the challenged action not sound strategy). Even assuming counsel was ineffective, Petitioner cannot establish prejudice resulting from counsel's actions. It is pure speculation that if "surprised" at sentencing with Petitioner's base offense level

---

[1] Petitioner's motion contained other assertions which this court dismissed as successive in nature.

objection (that her base offense level should have been limited to a 30 based upon a U.S.S.G. § 3B1.2 reduction for role in the offense given to her in a draft PSR), Respondent would not have entered an objection.[2]  Therefore, Petitioner cannot establish prejudice resulting from her attorney's actions.

Petitioner's August 21, 2006, reply is non-responsive to Respondent's motion.  Rather, Petitioner again raises arguments which were rejected by this court in its November 28, 2005, order.

Respondent's motion for summary judgment filed June 27, 2006, is **granted**.  For these reasons and for the reasons stated in this court's November 28, 2005, order, Petitioner's § 2255 motion is dismissed with prejudice in its entirety.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 24, 2006

C:\temp\notesFFF692\04-22437 Daniels v. USA e denying iac post initial judgment.wpd

---

[2]Respondent's June 27, 2006, summary judgment motion indicates that upon receipt of the draft PSR (which included the reduction for role in the offense), the Assistant United States Attorney contacted the Probation Officer to note his intention to object at sentencing to the reduction given for role in the offense.  Petitioner does not contest this assertion by Respondent.

3